IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETS

FILED
CLERKS OFFICE

2005 MAR 24  P 4: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| MUTUAL RISK MANAGEMENT LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Re: Action Pending in the Eastern District of Pennsylvania |
| | | (C.A. No. 04-0347 NS) |
| JOHN HANCOCK LIFE INSURANCE | ) | |
| COMPANY f/k/a JOHN HANCOCK | ) | |
| MUTUAL LIFE INSURANCE COMPANY, | ) | 05 - mc - 10133 |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION OF THOMAS MOLONEY TO QUASH OR MODIFY SUBPOENA AND/OR FOR PROTECTIVE ORDER

Thomas Moloney, through his counsel, Prince, Lobel, Glovsky & Tye, LLP hereby

moves for an order quashing or modifying a subpoena issued in this court by Kelley A.

Grady, counsel for the plaintiff, Mutual Risk Management, Ltd. (MRM) in the above

captioned matter.  In  support of this motion Thomas Moloney states:

1.    The subpoena was issued on March 1, 2005 originally set the date for

testimony as March 23, 2005.

2.    At the time it was issued, subpoenaed deposition of Mr. Moloney, John Hancock Financial Corporation's former Chief Financial Officer, was set for the last week of discovery under an expedited discovery schedule requiring fact discovery to be completed by April 1, 2005.

3.    Service was accepted on Mr. Moloney's behalf by his counsel, who also represents John Hancock Life Insurance Company (John Hancock) in the above captioned litigation.

4.    Mr. Moloney is the former Chief Financial Officer of John Hancock Financial Corporation, the parent company of John Hancock.

5.    John Hancock Financial Corporation entered into a merger agreement with Manulife Financial Corporation ("Manulife") on September 28, 2003 which was approved by John Hancock's shareholders on February 24, 2004.

6.    Based on Mr. Moloney's availability, the date for the deposition was moved from March 23, 2005 to March 25, 2005.

7.    Between the issuance of the original subpoena (March 1) and the date scheduled for the deposition (March 25) the entire focus and timing of the case changed.

8.    MRM filed separate Motions to Compel against John Hancock and its parent Manulife on March 3, 2005.

9.    The court suspended the April 1 fact discovery deadline and to date, no further scheduling order has issued.

10.    On March 21, 2005 counsel for MRM indicated his intent to reserve his right to re-depose Mr. Moloney, in the event he prevailed in the pending discovery motions.

11.    As a result of these developments, counsel for Mr. Moloney requested that MRM agree to postpone the deposition until after the court after the court had ruled on the relevant discovery motions and set a new scheduling order.

12.    Counsel for MRM refused to agree to an adjournment without a specific date being set, and insisted that the deposition would proceed notwithstanding Mr. Moloney's objections and request for rescheduling after the Pennsylvania court has ruled on the pending discovery motions and issued a new scheduling order.

13.    Under the circumstances, the subpoena should be quashed or modified in order to avoid undue burden on Mr. Moloney.

Wherefore, and for the reasons set forth in the attached memorandum of law, Thomas Moloney requests that the court ender an order quashing or modifying the subpoena and/or an appropriate protective order suspending the deposition until the rulings on the

pending Motions to Compel against John Hancock and Manulife have been resolved, and consistent with the court's entry of a further scheduling order.

Respectfully submitted:

Thomas Moloney

By his Attorneys:

Mitchell S. King [Mass. BBO #272810]
Joseph S. Sano [Mass. BBO #545706]
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8100

Dated: March 24, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March, 2004, I served a copy of the foregoing: Motion Of Thomas Moloney To Quash Or Modify Subpoena And/Or For Protective Order via e-mail and First Class Mail, postage prepaid, upon the following counsel:

Douglas Y. Christian, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

Joseph F. Savage, Jr., Esquire          David Silva, Esquire
Goodwin Proctor LLP                     Mound Cotton Wollan & Greengrass
Exchange Place                          One Battery Park
Boston, MA 02109                        New York, NY 10004-1486

                                        _____
                                        Mitchell S. King, Esquire