IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETS

| | |
|---|---|
| MUTUAL RISK MANAGEMENT LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) Re: Action Pending In The <br> ) Eastern District Of <br> ) Pennsylvania <br> ) <br> JOHN HANCOCK LIFE INSURANCE ) (C.A. No. 04-0347 NS) <br> COMPANY f/k/a JOHN HANCOCK ) 05-mc-10133 <br> MUTUAL LIFE INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> ) | |

**MEMORANDUM IN SUPPORT OF MOTION OF THOMAS MOLONEY TO QUASH OR MODIFY SUBPOENA AND/OR FOR PROTECTIVE ORDER**

**INTRODUCTION**

This court has discretion to quash or modify a subpoena if the subpoena subjects a person to "undue burden." The subpoenaed deposition of Mr. Thomas Moloney, John Hancock Financial Corporation's former Chief Financial Officer, was originally set for the last week of discovery under an expedited discovery schedule set by the court in the Eastern District of Pennsylvania. Subsequent to the scheduling of the Moloney deposition, the court in Pennsylvania suspended all existing discovery deadlines. In

addition, plaintiff, Mutual Risk Management, Ltd. ("MRM") has filed discovery motions against John Hancock Life Insurance Company ("John Hancock"), and its current parent Manulife Financial Corporation. These motions are pending before the court in Pennsylvania. Because MRM's counsel insists that he has the right to re-depose Mr. Moloney if further document production is ordered, the witness is subjected to undue burden unless the subpoena is quashed or modified to permit the deposition to be rescheduled to a date following the resolution of the underlying discovery disputes.

## FACTUAL BACKGROUND

The subpoena to Mr. Moloney was issued on March 1, 2005, and originally set the date for testimony as March 23, 2005. (Ex. 1.) Service was accepted on Mr. Moloney's behalf by his counsel, who also represents John Hancock Life Insurance Company (John Hancock) in the above captioned litigation. At the time of issuance, the subpoenaed deposition of Mr. Moloney, John Hancock Financial Corporation's former Chief Financial Officer, was set for the last week of discovery under an expedited discovery schedule requiring fact discovery to be completed by April 1, 2005. (Ex. 2)

Mr. Moloney is the former Chief Financial Officer of John Hancock Financial Corporation, the parent company of John Hancock. John Hancock Financial Corporation entered into a merger agreement with Manulife Financial Corporation on September 28,

2

2003 which was approved by John Hancock's shareholders on February 24, 2004. (Ex. 3.)

Based on Mr. Moloney's availability, the date for the deposition was moved to March 25, 2005. (Ex. 4) However, between the issuance of the original subpoena (March 1) and the date scheduled for the deposition (March 25) the entire focus and timing of the case changed. MRM filed separate Motions to Compel against John Hancock and its parent Manulife on March 3, 2005. (Ex. 5.) On March 9, 2005, following a hearing, the court also suspended the April 1 fact discovery deadline and all other scheduling in the case and promised to issue a new scheduling order. (Ex. 6.) To date, no further scheduling order has issued. On March 21, 2005 counsel for MRM indicated his intent to reserve his right to re-depose Mr. Moloney, with respect to documents which were the subject of MRM's pending Motion to Compel. (Ex. 7.) Thus, Mr. Moloney is now set as the first deposition, under a threat that the deposition would continue if any additional document production was ordered.

As a result of these developments, counsel for Mr. Moloney requested that MRM agree to postpone the deposition until after the court decided the Motions to Compel in order to avoid the need for multiple depositions of Mr. Moloney. Counsel also proposed that the parties should set a new date to a mutually convenient date after the Pennsylvania court had ruled on the relevant motions and issued a new scheduling order. (Ex. 8.)

3

Counsel for MRM refused to agree to an adjournment without a specific date being set, and insisted that the deposition would proceed notwithstanding Mr. Moloney's objections and request for rescheduling. (Ex. 8.) Under the circumstances, the subpoena should be quashed or modified in order to avoid undue burden on Mr. Moloney.

### ARGUMENT

**A.   A Motion To Quash Or Modify Is The Appropriate Vehicle To Protect Subpoenaed Witnesses From Undue Burden.**

Rule 45(c) requires the party issuing a subpoena to take "reasonable steps to avoid imposing an undue burden" on persons subjected to a subpoena. This matters is determined by the court from which the subpoena issued. *See* 9 Moores Federal Practice, 3d § 45.04[1]. A motion to quash or modify filed on behalf of the subpoena recipient is the appropriate method "to protect a witness from misuse of the subpoena power." *Id* § 45.04[3]. A motion to quash "is, in essence, the same as a motion for a protective order ... under Rule 26(c)." *Id; see also Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556 (7th Cir., 1984) (subpoena recipients can move for either a protective order pursuant to Fed. R. Civ. P. 26(c), or order quashing or modifying the subpoena).

**B.   Determination Of Undue Burden Is Within The Sound Discretion Of The Court.**

The determination of whether a particular subpoena imposes an undue burden on the recipient is a matter within the discretion of the court from which the subpoena

issued. *Id.* §45.04 [3] [b], citing *Curro v. Watson*, 884 F. Supp. 708, 714 (E.D.N.Y. 1995); *Tiberi v. Cigna Ins. Co.*, 40 F.3d 110,112 (5th Cir. 1994); *In Re Duque*, 134 B.R. 679, 683 (S.D. Fla. 1991), on remand, 154 B.R. 93 (S.D. Fla. 1993) (Court must balance interests served by compliance against interest served by quashing).

The grounds for the exercise of this discretion are therefore necessarily broad and grounds for quashing a subpoena range from the need of the witness to attend to more important matters, to the medical status of the deponent. *See Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197-1198 (11th Cir. 1991) (more important for CDC physician to attend to national health crisis); and *Frideres v. Schlitz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993) (ill health of witness). Indeed, a trial judge has the power to fashion virtually any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense. *See Pfizer, Inc. v. Mylan Labs., Inc.*, 2003 U.S. Dist. LEXIS 24806 (D.N.Y., 2003).

### C. The Threat Of Multiple Depositions Of Thomas Moloney And The Refusal To Postpone Where There Are Pending Discovery Motions And No Scheduling Deadlines Constitutes Undue Burden.

A party's effort to schedule a second deposition of the same person without a showing of good reason will generally support a finding of "annoyance and undue burden or expense." *See Sentry Ins. v. Shivers*, 164 F.R.D. 255 (D. Kan., 1996); *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989) ("repeat depositions are

5

disfavored"). In this case the plaintiff is attempting to contrive grounds upon which it will argue that it should have the opportunity to take two depositions of Mr. Moloney if it later obtains documents relevant to the witnesses' testimony. The entire problem of subjecting this deponent to multiple depositions vanishes if the deposition is postponed to a date following the court's ruling on the outstanding discovery motions. Adjusting the timing of depositions promotes the efficient resolution of disputes:

> The court in its discretion will grant the motion to stay [the deposition of two witness]. While the court has not yet determined the merits of the pending motion to compel [production of certain documents], the court finds it would be in the interest of justice to delay the depositions until after the court has ruled on the motions. It would be extremely detrimental to plaintiff if it did not have all documents to which it was entitled during its only chance to cross-examine the two witnesses. Further, defendant will suffer no substantial prejudice if the depositions are delayed; the trial of this case is still over three months away, and defendant will have adequate time to take the depositions once the court has ruled on plaintiff's motions to compel."

*Rosenthal Mfg. Co. v. Thermal Equipment, Inc.*, 1989 U.S. Dist. LEXIS 7819 (D. Kan., 1989); *see also Travelers Rental Co. v. Ford Motor Co.*, 116 F.R.D. 140, 141-2 (D. Mass. 1987) (the court allowed the deposition of high ranking executives to go forward after the plaintiff first deposed five lower level employees whose testimony proved unsatisfactory); *First Fidelity Bancorporation v. National Union Fire Ins. Co.*, 1992 U.S. Dist. LEXIS 3367 (D. Pa., 1992) (same).

In seeking to postpone this motion and avoid the need for filing this motion, counsel for Mr. Moloney sought to assure MRM's counsel that the Moloney deposition would be rescheduled to a mutually agreeable date after the pending discovery motions are resolved and the court issues a scheduling order. (See Ex. 8.). MRM's counsel refused the postponement unless a specific date was proffered and accepted, thereby necessitating this motion. It is impossible to provide such a date until the court rules on the pending motions.

## CONCLUSION

Plaintiff is not in any way prejudiced by postponement and rescheduling of this deposition because there are no scheduling deadlines or orders. Indeed, the most obvious and expeditions solution is to take Mr. Moloney's deposition after relevant discovery motions are resolved. Thomas Moloney requests that the court ender an order quashing or modifying the subpoena and/or an appropriate protective order suspending the deposition until the rulings on the pending motions to compel against John Hancock

and Manulife have been resolved, and consistent with the Court's entry of a further scheduling order in the underlying matter.

Respectfully submitted:
Thomas Moloney

By his Attorneys:

*/s/ Mitchell S. King*

Mitchell S. King [Mass. BBO #272810]
Joseph S. Sano [Mass. BBO #545706]
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8100

Dated: March 24, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2004, I served a copy of the foregoing: Memorandum In Support Of Motion Of Thomas Moloney To Quash Or Modify Subpoena And/Or For Protective Order via e-mail and First Class Mail, postage prepaid, upon the following counsel:

Douglas Y. Christian, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

| | |
|---|---|
| Joseph F. Savage, Jr., Esquire<br>Goodwin Proctor LLP<br>Exchange Place<br>Boston, MA 02109 | David Silva, Esquire<br>Mound Cotton Wollan & Greengrass<br>One Battery Park<br>New York, NY 10004-1486 |

_____
Mitchell S. King, Esquire